United States District Court
Middle District of Florida
Jacksonville Division

**PITTSBURGH LOGISTICS SYSTEMS, INC.,**

*Plaintiff,*

v.  No. 3:17-cv-8-J-32PDB

**GLOBALTRANZ ENTERPRISES, INC.,**

*Defendant.*

---

# Order

Before the Court are three motions to compel discovery and award expenses: one by Pittsburgh Logistics Systems, Inc. ("PLS"), Doc. 36, and two by GlobalTranz Enterprises, Inc. ("GlobalTranz"), Docs. 21, 27. The motions are opposed, though some issues have been resolved. Docs. 23, 30, 38. The Court heard arguments on January 25 and May 8. Docs. 24, 39. The discovery deadline is June 18. Doc. 41.

## I.  Background

In the complaint, PLS alleges these facts.

PLS provides transportation logistics services. Doc. 1 ¶ 7. PLS spends significant resources training account executives; gives them access to proprietary and confidential information; and requires them to sign non-compete agreements that restrict them for two years from using or disclosing confidential information, providing competitive logistics services in North America, soliciting PLS customers, and soliciting PLS employees to leave PLS. Doc. 1 ¶¶ 10–12.

GlobalTranz competes directly with PLS. Doc. 1 ¶ 13. As part of its business model, GlobalTranz foregoes training and pirates experienced account executives

from competitors. Doc. 1 ¶ 13. GlobalTranz solicited PLS employees to leave PLS and take PLS customers and confidential information with them despite that PLS warned GlobalTranz they were bound by the non-compete agreements. Doc. 1 ¶¶ 16, 17.

In October 2016, PLS and GlobalTranz entered a confidential written agreement. Doc. 1 ¶ 18. In the agreement, GlobalTranz promised to not disclose confidential information acquired from PLS, to not disclose the nature or purpose of the agreement, and to not solicit PLS employees for two years. Doc. 1 ¶ 19. To further its continuing and unlawful recruitment of PLS employees, GlobalTranz used and disclosed the confidential information. Doc. 1 ¶ 21.

Based on those allegations, PLS claims GlobalTranz tortiously interfered with relationships with PLS customers and PLS account executives and breached the agreement. Doc. 1 ¶¶ 30–39. PLS seeks declaratory relief, injunctive relief, damages, costs, and attorney's fees. Doc. 1 at 5–8. According to PLS's expert, PLS has suffered damages exceeding $20 million, including approximately $4 million in lost profits and approximately $7 to $21 million in costs to recruit and train new employees.

In a prior motion, PLS moved to compel discovery from GlobalTranz. Doc. 12. The Court denied the motion without prejudice to renewing any argument after the parties conferred to resolve the matter. Doc. 17.

II. **Authority**

Federal Rule of Civil Procedure 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The rule places shared "responsibility to employ the rules in the same way." Fed. R. Civ. P. 1, Advisory Comm. Notes (2015 Amend.). "Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure." *Id.*

2

Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

If an action is based on diversity jurisdiction, the forum state's law controls attorney-client privilege. *Bradt v. Smith*, 634 F.2d 796, 800 (5th Cir. Unit A 1981). Under Florida law, "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." Fla. Stat. § 90.502(2). The privilege protects only disclosures necessary to obtain informed legal advice. *Genovese v. Provident Life and Accident Ins. Co.*, 74 So. 3d 1064, 1067 (Fla. 2011). The burden of establishing the privilege is on the person claiming it. *Southern Bell Tel. & Tel. Co.*, 632 So. 2d 1377, 1383 (Fla. 1994).

Rule 33(b)(4), governing interrogatories, provides that grounds for objecting to an interrogatory must be specific, and any ground not timely stated is waived unless the court excuses untimeliness for good cause. Rule 34(b)(2)(B), governing requests for production, provides, "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." The rule further provides, "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). A party must respond in writing to an interrogatory or request for production within 30 days of service. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). "Nowhere in the rules is it provided that a litigant may, at his option, just ignore interrogatories and similar discovery

documents. A party who does so, does so at the peril of inviting drastic remedy." *Dorrough v. Mullikin*, 563 F.2d 187, 191 (5th Cir. 1977).

Rule 37(a) provides that a party may move for an order compelling disclosure of discovery, including if a party fails to respond or provides evasive or incomplete responses to interrogatories or requests for production. If a court grants a motion to compel discovery, or discovery is provided after its filing, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii). Nondisclosure, a response, or an objection is substantially justified if reasonable people could differ on its appropriateness. *Maddow v. Proctor & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997). "If the motion is granted in part and denied in part, the court may …, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

**III. Analysis**

*A. PLS's Motion to Compel*

PLS's motion to compel concerns communications between GlobalTranz and PLS employees allegedly recruited by GlobalTranz, communications among the "deal team" involved in the failed transaction underlying the October 2016 confidential written agreement, redactions in produced documents unsupported by a privilege log, information about customers for whom former PLS employees worked while associated with GlobalTranz, and Rule 30(b)(6) testimony. Doc. 36.

4

As stated in GlobalTranz's response and discussed at the May 8 hearing, most issues in the motion appear to have been resolved through discovery provided after filing the motion (including thousands of pages provided just a few business days before the May 8 hearing). An unresolved issue concerns redactions in some provided emails and spreadsheets. At the May 8 hearing, GlobalTranz submitted unredacted versions for an in camera, ex parte review. The unredacted versions are on the record as a sealed attachment to the hearing minutes. Doc. S40-2. The undersigned has undertaken that review and concludes GlobalTranz satisfied its burden of showing the attorney-client privilege applies; the redacted communications are clearly communications to counsel seeking legal advice. *See Genovese*, 74 So. 3d at 1067.

The Court **denies** PLS's motion to compel, Doc. 36, without prejudice to raising any issue after an opportunity to comprehensively review the recently provided discovery and conferral with GlobalTranz's counsel on any continued disputed issue.

B. *GlobalTranz's Motions to Compel*

GlobalTranz's motions to compel concern three sets of interrogatories and five sets of requests for production, Docs. 21-1–21-3; 27-1–27-2, in which GlobalTranz seeks documents and information in areas relating to claims, defenses, and damages. Much of the discovery is sought to support GlobalTranz's contention that PLS customers and employees left for reasons unrelated to GlobalTranz, including PLS's retention of only approximately five of a hundred trainees annually.

The Court **grants** the motions to compel, Docs. 21, 27, except regarding certain discovery requests. For any interrogatory or request for production concerning PLS's alleged loss of goodwill, PLS need not provide any discovery because PLS's counsel stated at the May 8 hearing that PLS no longer seeks damages based on PLS's loss of goodwill. For any interrogatory or request for production concerning "customer A," PLS need not provide any discovery beyond what it has already provided because GlobalTranz's counsel stated at the May 8 hearing that GlobalTranz has what it

5

needs concerning customer A. For any request for production seeking documents relating to all PLS employees since 2015 and any reduction-in-force, PLS need not provide discovery beyond information and documents related to specified persons and former-PLS-employees-turned-GlobalTranz-agents because the discovery is not proportional to the needs of the case considering the factors in Rule 26(b)(1). The burden of collecting the documents for hundreds of employees and any reduction-in-force overwhelms any relevance the information may have. For any interrogatory or request for production referencing employees who replaced PLS-employees-turned-GlobalTranz-agents, PLS need not respond because, as PLS's counsel explained at the May 8 hearing, PLS does not directly replace one employee with another. For any interrogatory or request for production concerning PLS exiting certain markets and changing lines of credit, PLS need not provide responsive documents but must, as agreed by the parties at the May 8 hearing, answer any request for admission on those topics. The discovery deadline will not apply to any such request.

For the remaining interrogatories or requests for production, subject to the confidentiality agreement the parties reached for this litigation, PLS must provide nonprivileged responsive discovery it has not yet provided. The discovery relates to claims or defenses, and there is no indication the discovery is not proportional to the needs of the case.

The discovery that must be provided includes the identities of lost customers, why they left, the revenue they had generated, and the PLS employees with whom they had worked. The discovery relates to the claims and underlying allegations that the non-compete agreements restricted PLS employees from soliciting PLS customers, *see* Doc. 1 ¶ 12, GlobalTranz solicited PLS employees to take PLS customers, *see* Doc. 1 ¶ 16, GlobalTranz interfered with PLS relationships with PLS customers and PLS suffered damages, *see* Doc. 1 ¶¶ 31–33, and GlobalTranz caused PLS customers to end relationships with PLS, *see* Doc. 1 ¶ 42. Even under the "brokerage capacity" theory of damages PLS intends to pursue, the discovery relates

to the defense that capacity would have been diminished for reasons having nothing to do with GlobalTranz. The identities also relate to the injunctive relief PLS seeks—an order prohibiting GlobalTranz from soliciting business from, accepting business from, or providing services to any PLS customers acquired through wrongful acts, *see* Doc. 1 at 8.

The discovery that must be provided also includes documents relating to recruitment, training, and promotion. The discovery relates to the bulk of the damages PLS claims. As PLS answered in response to an interrogatory, "As a result of Defendant's wrongful and unlawful conduct PLS has incurred millions of dollars in damages. For each brokerage employee wrongfully solicited and hired by GlobalTranz, PLS has lost considerable amounts in the recruiting and training invested[.]" Doc. 21-1 at 35. For specific costs of things like campus interviews, pre-employment testing, job testing, and recruiting costs, PLS may use a sampling to satisfy the requests (as GlobalTranz found satisfactory at the January 25 hearing). If training costs for each class remained approximately the same during the relevant time period, the training cost for every class need not be provided.

The discovery that must be provided also includes documents relating to the failed transaction, which relates to the defense that the transaction failed for reasons other than improper motivation or conduct by GlobalTranz. Given the undoubted significance of the failed transaction to PLS, it is unlikely the "internal memos" and "handful" of emails PLS has provided relating to the failed transaction constitute the universe of responsive documents. If PLS provides nothing further, by **June 4, 2018**, PLS must provide an affidavit explaining the efforts used to find responsive emails, including the places searched and the search terms used. By **June 8, 2018**, counsel must collaborate on any additional search terms or alternative protocol to search for PLS's emails relating to the failed transaction beyond those already provided, as the parties had done for the similar discovery request to GlobalTranz by PLS.

7

In granting in part GlobalTranz's motions to compel, the Court finds no waiver through untimely or no responses. On untimely responses to GlobalTranz's earlier round of discovery requests, the Court accepts the representation of PLS's counsel that "[d]uring numerous conversations and emails between counsel there were various discussions regarding extensions for PLS' discovery responses in connection with larger discussions relating to GlobalTranz's continued failure to produce documents[.]" Doc. 23 at 3. On no responses to GlobalTranz's latest round of discovery requests, the Court finds PLS's decision to await a ruling on issues on the earlier round of discovery requests understandable because some discovery in both rounds was overlapping.

C.  *Expenses*

An award of expenses is unwarranted. Some of the discovery requests were too broad, substantial justification supports positions taken on both sides, each side's discovery conduct has been questioned, and the previous motion to compel caused GlobalTranz to provide documents but GlobalTranz did not have to pay expenses.

IV.  **Conclusion**

The Court **denies** without prejudice PLS's motion to compel, Doc. 36, and **grants in part** and **denies in part** GlobalTranz's motions, Docs. 21, 27. PLS must provide the outstanding discovery to GlobalTranz by **June 11, 2018** (in addition to any affidavit as directed by **June 4, 2018**).

**Done** in Jacksonville, Florida, on May 25, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record